## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK FERRANTI, | Civil No. 3:20-cv-372 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, LSCI ALLENWOOD, | |
| Respondent | |

### ORDER

**AND NOW**, this _5th_ day of October, 2021, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice. (Doc. 1).

2. The Clerk of Court is directed to **CLOSE** this case.

_/s/ Robert D. Mariani_
Robert D. Mariani
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK FERRANTI, | Civil No. 3:20-cv-372 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, LSCI ALLENWOOD, | |
| Respondent | |

**MEMORANDUM**

Petitioner Jack Ferranti ("Ferranti") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP) denial of his placement in the Elderly Home Confinement Program under the First Step Act. (Doc. 1). For the reasons set forth below, the Court will dismiss the petition.

I.  **Background**

On August 15, 1995, Ferranti was convicted of conspiracy to commit arson, in violation of 18 U.S.C. § 371; arson resulting in death, in violation of 18 U.S.C. § 844(i); mail fraud, in violation of 18 U.S.C. § 1341; and tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1). *See United States v. Ferranti*, No. 1:95-CR-119 (E.D.N.Y.), Doc. 223. On April 24, 1996, Ferranti was sentenced to a total term of imprisonment of 435 months, followed by supervised release, restitution, and fines. *Id.*, Doc. 339. His projected release date is March 25, 2026. (Doc. 9-1, pp. 5-8, Public Information Inmate Data).

Subsequently, on November 20, 1996, Ferranti was sentenced to 15 months' imprisonment for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), in the Southern District of New York.  *See United States v. Ferranti*, No. 1:94-CR-53 (S.D.N.Y.), Docs. 15, 16.  The sentence was ordered to run concurrently to Ferranti's sentence in the Eastern District of New York, No. 1:95-CR-119. *Id.*

Ferranti has been considered for placement in the Elderly Home Confinement Program under the First Step Act.  (Docs. 1, 2).  The BOP denied his application for placement in the Elderly Home Confinement Program.  (*Id.*).

Ferranti filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of his placement in the Elderly Home Confinement Program. (Doc. 1).  For relief, Ferranti requests that the Court reverse the BOP's decision denying his placement in the Elderly Home Confinement Program, order the BOP to resume processing his application, and he seeks immediate placement into the program.  (*Id.* at p. 8; Doc. 2, p. 9).

Respondent argues that the petition should be dismissed for two reasons.  First, the Court lacks jurisdiction over the habeas petition because it does not challenge either the fact or length of Ferranti's sentence or confinement.  (Doc. 9, pp. 3-7).  Second, Ferranti is not eligible for placement in the program.  (*Id.* at pp. 7-9).  The Court will address each argument in turn.

## II. Discussion

### A. Lack of Subject Matter Jurisdiction

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the Court has jurisdiction over the claims in a § 2241 petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)).

As to Ferranti's request that the Court "reverse the BOP claim that Ferranti is ineligible to participate in the Elderly Home Confinement program" and order "BOP officials to resume processing his application for Elderly Home Confinement," the Court lacks jurisdiction over such a challenge because it is unrelated to the execution of his sentence. (Doc. 2, p. 9). In order for Ferranti to state a cognizable claim, he must demonstrate that granting the petition would necessarily imply a change to the fact, duration, or execution of his sentence. The decision to transfer an inmate to home confinement is not an entitlement or foregone conclusion if the inmate meets the criteria; the BOP retains the sole discretion to determine which, if any, inmate is transferred to home confinement. *See* 18 U.S.C. § 3621(b) (vesting the BOP with the sole discretion to designate a prisoner's place of

3

imprisonment); 34 U.S.C. § 60541(g)(1)(B) (providing that "the Attorney General may release some or all eligible elderly offenders . . . to home detention"). Thus, granting the petition on this claim—that the Court order the BOP to resume processing his application for placement in the Elderly Home Confinement Program—would not necessarily imply a change to the fact, duration, or execution of Ferranti's sentence because the BOP could still decide not to grant him home confinement.

To the extent that Petitioner seeks to raise a claim for elderly home confinement release under the First Step Act, the Court lacks jurisdiction over that claim to the extent that he intended to bring it pursuant to 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) must be brought in Ferranti's sentencing court. See 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (noting that a defendant must submit a motion for compassionate pursuant to the First Step Act pursuant to § 3582(c)(1)(A) to his or her sentencing court). Ferranti is serving a sentence imposed by the United States District Court for the Eastern District of New York, and he must bring any such claim in a motion in that court. Hence, it is appropriate to dismiss the petition on these claims for lack of jurisdiction.

### B.   Elderly Home Confinement Program

Ferranti seeks release to home confinement as an elderly prisoner under the First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5238 (2018). Assuming that the Court has jurisdiction over this claim, Ferranti has failed to establish that he is entitled to

release. Under that statute, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender." 34 U.S.C. § 60541(g)(1)(B). The statute defines an eligible elderly offender as an offender:

(i) who is not less than 60 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

(vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. § 60541(g)(5)(A).

Thus, pursuant to 34 U.S.C. § 60541(g)(5)(A)(ii), to be eligible for release, elderly offenders must be "serving a term of imprisonment . . . based on conviction for an offense or offenses that do not include any . . . offense described in section 2332b(g)(5)(B) of Title 18." 34 U.S.C. § 60541(g)(5)(A)(ii). Section 2332b(g)(5)(B) of Title 18 lists many crimes, including "[18 U.S.C. §] 844(i) (relating to arson and bombing of property used in interstate commerce)." 18 U.S.C. § 2332b(g)(5)(B)(ii). Ferranti was convicted of an "offense described in section 2332b(g)(5)(B) of Title 18" as that description is used in the elderly home confinement program, which would preclude him from participation in the program. Specifically, for purposes of this statute, 18 U.S.C. § 844(i) provides that "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned. . ." 18 U.S.C. § 844(i). Ferranti was convicted of, *inter alia*, arson resulting in death, in violation of 18 U.S.C. § 844(i). It is clear that Ferranti is ineligible for early release because he is serving his term of imprisonment for arson resulting in death, in violation of 18 U.S.C. § 844(i). 34 U.S.C. § 60541(g)(5)(A)(ii).

Moreover, even if Ferranti had demonstrated that he is entitled to relief, the Court would likely lack the authority to order Ferranti's release to home detention. The United

States Court of Appeals for the Fifth Circuit has recently held that only the Attorney General and the BOP may place an offender in elderly home detention pursuant to § 60541:

> The statute [§ 60541(g)(1)(B)] does not give authority to the federal courts to place an offender in the Program; that authority is given to the Attorney General. Moreover, the Attorney General is not required to place eligible offenders in the Program, but "may release some or all" of them for participation in the Program. Consequently, we conclude that Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the Program.

*Melot v. Bergami*, 970 F.3d 596, 599-600 (5th Cir. 2020); *see also* 18 U.S.C. § 3621(b) (vesting the BOP with the sole discretion to designate a prisoner's place of imprisonment, which "is not reviewable by any court").

### III.  Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Date: October 5th, 2021

7